**In re the GUARDIANSHIP OF Kecia Leann NEFF, A Minor Child.**

**Merle NEFF, Appellant-Respondent,**

v.

**Nell L. TAYLOR, Appellee-Petitioner,**

**and**

**Madison County Department of Public Welfare, Appellee-Guardian.**

No. 2–283A72.

Court of Appeals of Indiana, First District.

Dec. 7, 1983.

Rehearing Denied Jan. 10, 1984.

Dennis K. Frick, Montague M. Oliver, Jr., East Central Legal Services, Anderson, for appellant-respondent.

Jeffrey A. Lockwood, Madison County Dept. of Public Welfare, Anderson, for appellee-guardian.

ROBERTSON, Presiding Judge.

Merle Neff (Neff) appeals the trial court's judgment ordering his daughter, Kecia Neff (Kecia), to be made a ward of the Madison County Department of Public Welfare (DPW) in a guardianship proceeding initiated by Nell L. Taylor (Taylor).

We reverse and remand.

Taylor filed a petition seeking to be named Kecia's temporary guardian on May 6, 1981. She was appointed to the position that day. After further evidentiary hearings, the trial court ordered that Kecia be made a ward of the DPW on December 15, 1981. The trial court's order was issued pursuant to IND.CODE 29–1–18–9, as an exercise of its probate jurisdiction. In addition to its order, the trial court specifically found that Neff had failed to provide for Kecia's essential physical, emotional, and moral needs; that Neff had been physically abusive and cruel to his daughter; and that

he was unfit to care for Kecia. The trial court also found it would be in Kecia's best interest to have a guardian appointed. Neff moved to vacate the order, or alternatively, to transfer the action to a court with juvenile jurisdiction. The motion was denied and Neff's appeal follows.

The Madison Superior Court is vested with juvenile jurisdiction pursuant to IND. CODE 33–5–33.1–4. The local rules of the Superior Court provide that juvenile dockets shall be assigned to Division II of the Superior Court.

Neff argues the trial court lacked jurisdiction to declare Kecia a ward because it was exercising probate jurisdiction. The DPW asserts the trial court is empowered with probate jurisdiction and argues the guardianship was proper because IND. CODE 29–1–18–10 authorizes the appointment of the person most suitable as guardian. It argues it is the most suitable person to be Kecia's guardian.

While it is not contested that the Superior Court possesses both probate and juvenile jurisdiction, the trial court's order was an improper exercise of its probate jurisdiction. It must be noted that the order contradicted the local rules of the court because this action was before Division I of the Madison Superior Court, not Division II which maintains juvenile jurisdiction. The probate code contains an exception regarding guardianships of minors with natural guardians. IND.CODE 29–1–18–6 provides:

A guardian of the estate may be appointed for any incompetent. A guardian of the person may be appointed for any incompetent *except a minor having a natural guardian in this state who is properly performing his duties as natural guardian or a married minor who is uncompetent solely by reason of his minority.* (Emphasis added.)

The trial court lacked jurisdiction because Neff is Kecia's natural guardian.

An examination of the provisions of the juvenile code reveals the trial court's lack of jurisdiction. IND.CODE 31–6–2–1 provides:

(A) A juvenile court has exclusive original jurisdiction, except as provided in I.C. 31–6–2–1.5 in the following:

(1) Proceedings in which a child, including a child of divorced parents, is alleged to be a delinquent child (IC 31–6–4).

(2) Proceedings in which a child, including a child of divorced parents, is alleged to be a child in need of services (IC 31–6–4).

(3) Proceedings to terminate the parent-child relationship if the action is based upon a prior adjudication that the child was a delinquent child or a child in need of services (IC 31–6–5).

(4) Proceedings concerning the paternity of a child (IC 31–6–6.1).

(5) Proceedings under the interstate compact on juveniles (IC 31–6–10).

(6) Proceedings governing the participation of a parent, guardian, or custodian in a program of care, treatment, or rehabilitation for a child (IC 31–6–4–17).

(7) Proceedings governing the detention of a child before a petition has been filed (IC 31–6–4–5 and IC 31–6–4–6).

(8) Proceedings to issue a protective order (IC 31–6–7–14).

(9) Other proceedings specified by law.

We believe the grant of exclusive, original jurisdiction to juvenile courts mandates a reversal. The action should have been conducted pursuant to the provisions of the juvenile code.

The DPW asserts that it is unnecessary to bring this action pursuant to the provisions of the juvenile code because Taylor was not employed by the DPW. It argues a reversal of the trial court's decision limits the options of county welfare departments. The fact that Taylor was not employed by the DPW is irrelevant to the question of jurisdiction. Moreover, compliance with the juvenile code's provisions is not optional because of the grant of exclusive, original jurisdiction to juvenile courts.

The judgment is reversed and remanded for proceedings not inconsistent with this opinion.

RATLIFF, J., concurs with separate opinion.

NEAL, J., concurs.

RATLIFF, Judge, concurring.

It is apparent from the record that the proceeding in question was in reality a CHINS (children in need of services) proceeding. The fact that the proceeding was denominated as a petition for appointment of a guardian does not alter the fact that the court awarded wardship of the child to the Madison County Department of Public Welfare—an appropriate action in a CHINS proceeding. The fact that, regardless of its designation as a guardianship matter, this action was, in fact, a CHINS case, as the court's findings and order clearly reveal. This placed the matter within the exclusive jurisdiction of the juvenile court. Therefore, I concur in the reversal and remand for further proceedings.